UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:                                                     Case No.: 8:17-bk-06592

**MARTHA GOODE and**
**MARTIN GOODE**

        Debtor(s).                                     Chapter 13
_____/

**[# AMENDED (if applicable)] CHAPTER 13 PLAN**

**CHECK ONE:**

__X__ Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

_____ The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1. MONTHLY PLAN PAYMENTS.** Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of _60_ months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

(A) $_1425.00_ for months _01_ through _60_
(B) $_____ for months ___ through _____
(C) $_____ for months ___ through _____

To pay the following creditors:

**2.      ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $_4100___   Total Paid Prepetition $_1250___   Balance Due $_2850_____**

**Estimated Additional Fees Subject to Court Approval $_N/A_____**

**Attorney's Fees Payable through Plan $_475.00__ Monthly (subject to adjustment)**

---
[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals

1

3. **PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct No. | Creditor | Total Claim |
|---|---|---|
| N/A | IRS | $2,576.64 |

4. **TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

5. **SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

(A) **Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| 0348 | Bayview Loan Svc | 855 Doc Durrance Rd | $450.90 | N/A | $2,500.00 |

(B) **Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** If Debtor is successful in obtaining a mortgage modification at any time during the case, payments on the modified mortgage shall be paid through the Plan. Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for homestead property, the lesser of 31% of the gross monthly income of Debtor and non-filing spouse, if any (after deducting homeowner association fees), or the normal monthly contractual mortgage payment, or (2) for non-homestead, income producing property, 75% of the gross rental income generated from the property:

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Pmt. Amt. |
|---|---|---|---|
| | | | |

**(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

| Last 4 Digits Creditor of Acct No. | Collateral Claim Desc./Address | Amt. Value Pmt. | Interest @ ___% |
|---|---|---|---|
| | | | |
| | | | |

**(D) Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

| Last 4 Digits Creditor of Acct No. | Collateral Claim Desc./Address | Amt. Pmt. | Interest @ ____% |
|---|---|---|---|
| | | | |
| | | | |

**(E) Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Last 4 Digits Creditor of Acct No. | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|
| | | | |
| | | | |

**(F) Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits Creditor of Acct No. | | Property/Collateral |
|---|---|---|
| 2673 | Kia Motors | 2016 Kia Forte LX |
| | | |

3

**(G) Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.** A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

| **Last 4 Digits** **Creditor** | **Collateral Description/Address** |
| --- | --- |
| **of Acct No.** | |
|  |  |
|  |  |

**(H) Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

| **Last 4 Digits** **Creditor** | **Property/Collateral to be** |
| --- | --- |
| **of Acct No.** | **Surrendered** |
| 1001           Capital One Auto | 2007 Ford F-150 |

**(I) Other Secured Claims.** Debtor does not intend to make payments to the following secured creditors. The automatic stay is terminated in rem as to Debtor and *in rem* and *in personam* as to any codebtor with respect to these creditors. Debtor's state law contract rights and defenses are neither terminated nor abrogated.

_____
_____
_____

## 6. LEASES/EXECUTORY CONTRACTS.

| **Last 4 Digits** **Creditor** | **Property Assume/Reject-Surrender Est. Arrears** |
| --- | --- |
| **of Acct No.** | |
|  |  |
|  |  |

7. **GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $48,695.12.

**8.** **ADDITIONAL PROVISIONS:**

(A) Unless otherwise ordered, secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

(B) Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

(C) Property of the estate (check one)*

    (1) _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

    (2) __X__ shall vest in Debtor upon confirmation of the Plan.

*If Debtor fails to check (a) or (b) above, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

(D) The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

(E) The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

(F) Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without prior court approval.**

## 9. NONCONFORMING PROVISIONS:

_____
_____
_____

_Martha Obode_  Dated: 7-10-17
Debtor

_[signature]_  Dated: 7-10-17
Debtor

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Chapter 13 Plan of Debtor(s) was furnished by United States mail, postage prepaid, to All Creditors and Parties in Interest as listed on the Court's Matrix as attached, this 11th day of August, 2017.

/s/ Jose E Lopez, Esq.
Jose E Lopez, Esq.
Attorney for Debtor
LawyerASAP, PLLC
150 N Orange Avenue, Suite 303
Orlando, FL 32801
Telephone: 407.513.1900
Facsimile: 407.512.1549
Florida Bar No.: 53536

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:17-bk-06592-KRM<br>Middle District of Florida<br>Tampa<br>Fri Aug 11 11:05:48 EDT 2017 | Capital One Auto Finance, a division of Capi<br>c/o Ascension Capital Group<br>P.O. Box 165028<br>Irving, TX 75016-5028 | United States Trustee - TPA7/13 7<br>Timberlake Annex, Suite 1200<br>501 E Polk Street<br>Tampa, FL 33602-3949 |
| Ac Autopay Llc<br>1147 Broadway<br>Denver, CO 80203-2106 | Bayview Loan Servicing, LLC<br>PO Box 650091<br>Dallas, TX 75265-0091 | Caine & Weiner<br>Attn: Bankruptcy<br>21210 Erwin St<br>Woodland Hills, CA 91367-3714 |
| Caine & Weiner<br>Po Box 5010<br>Woodland Hills, CA 91365-5010 | Capital One Auto Finance<br>3901 Dallas Pkwy<br>Plano, TX 75093-7864 | Capital One Auto Finance<br>Attn: General Correspondence/Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130-0285 |
| (p)CITIFINANCIAL<br>BANKRUPTCY FORECLOSURE UNIT<br>1000 TECHNOLOGY DRIVE<br>OFALLON MO 63368-2239 | Commercial Recovery In<br>32985 Hamilton Ct Ste 10<br>Farmington Hills, MI 48334-3317 | Credit Acceptance<br>25505 West 12 Mile Rd<br>Suite 3000<br>Southfield, MI 48034-8331 |
| Credit Acceptance<br>Po Box 513<br>Southfield, MI 48037-0513 | Department of Revenue<br>PO Box 6668<br>Tallahassee, FL 32314-6668 | Fed Loan Sevicing<br>Po Box 60610<br>Harrisburg, PA 17106-0610 |
| Fed Loan Sevicing<br>Po Box 69184<br>Harrisburg, PA 17106-9184 | Finance Systems Of Ric<br>5703 National Rd E<br>Richmond, IN 47374-2619 | Finance Systems Of Ric<br>5703 National Road East<br>Po Box 786<br>Richmond, IN 47375-0786 |
| First Premier Bank<br>3820 N Louise Ave<br>Sioux Falls, SD 57107-0145 | First Premier Bank<br>601 S Minneaplois Ave<br>Dious FDalls, SD 57104 | IC Systems, Inc<br>444 Highway 96 East<br>St Paul, MN 55127-2557 |
| IC Systems, Inc<br>Po Box 64378<br>Saint Paul, MN 55164-0378 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Kia Motors Finance Co<br>4000 Macarthur Blvd Ste<br>Newport Beach, CA 92660-2558 | Kia Motors Finance Co<br>Po Box 20825<br>Fountain Valley, CA 92728-0825 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Preferred CMS Inc<br>PO Box 2964<br>Tampa, FL 33601-2964 | Stellar Recovery Inc<br>1327 Highway 2 West<br>Kalispell, MT 59901-3413 | Stellar Recovery Inc<br>Attn: Bankruptcy<br>4500 Salisbury Road Ste 105<br>Jackonville, FL 32216-8035 |

```
Jose E Lopez                          Kelly Remick                        Martha Goode
LawyerASAP, LLP                       Chapter 13 Standing Trustee         855 Doc Durrance Rd
150 N. Orange Avenue, Suite 303       Post Office Box 6099                Bradley, FL 33835
Orlando, FL 32801-2317                Sun City, FL 33571-6099


Martin Goode
855 Doc Durrance Rd
Bradley, FL 33835
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Citifinancial                         IRS                                 Portfolio Recovery
300 Saint Paul Pl                     Centralized Insolvency Opera        120 Corporate Blvd Ste 1
Baltimore, MD 21202                   PO BOX 21126                        Norfolk, VA 23502
                                      Philadelphia, PA 19114


(d)Portfolio Recovery
Po Box 41067
Norfolk, VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Badcock & More                     End of Label Matrix
                                      Mailable recipients    33
                                      Bypassed recipients     1
                                      Total                  34
```